# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JEROME WILLIAMS, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 4:12CV2241 JCH |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Jerome Williams, a federal prisoner currently confined at the United States Penitentiary in Leavenworth, Kansas, for a writ of audita querela.[1]

## Background

Petitioner was convicted, after a jury trial, of two counts of possession of a firearm by a convicted felon in violation of Title 18, United States Code, Section 922(g)(1) and one count of possession of an unregistered firearm in violation of Title 26, United States Code, Sections 5841 and 5861(d). United States v. Williams, 4:98CR277 DJS (E.D. Mo.). On February 5, 1999, the Court sentenced petitioner to an aggregate prison term of twenty-four (24) years. His case was affirmed on appeal

---

[1] For statistical purposes and for docketing, the Clerk of Court opened this case as a petition for writ of coram nobis. Accordingly, no filing fee was assessed.

in United States v. Williams, 194 F.3d 86 (8th Cir. 1999). Petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255, which was denied on February 4, 2003. Williams v. United States, 4:01CV562 DJS (E.D. Mo.). Petitioner appealed the denial of his motion to vacate, and on June 24, 2003, the Eighth Circuit Court of Appeals dismissed his appeal. Williams v. United States, No. 03-1624 (8th Cir. 2003). Petitioner filed the instant petition for writ of audita querela on November 16, 2012.

## The motion

In his petition for writ of audita querela, petitioner asserts that his sentence is invalid under the Supreme Court's holding in United States v. Booker, 125 S.Ct. 738 (2005). He asserts that his Sixth Amendment rights were violated when he was sentenced under the United States Sentencing Guidelines.

## Discussion

The All Writs Act, 28 U.S.C. § 1651, provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." Petitioner argues that the writ of audita querela is available in his case.

Rule 60(b) of the Federal Rules of Civil Procedure abolishes the writ of audita querela with respect to civil actions, but it is at least arguable that the writ is available

in criminal actions.  See United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992) (questioning availability of audita querela in criminal actions); United States v. Reyes, 945 F.2d 862, 866 (5th Cir. 1991) (same); United States v. Holder, 936 F.2d 1, 3 (1st Cir. 1991); United States v. Ayala, 894 F.2d 425, 426 (D.C. Cir. 1990); cf. United States v. Morgan, 346 U.S. 502, 511 (1954) (although writ of coram nobis was abolished in civil cases, writ survives in criminal actions).  Assuming arguendo that the writ of audita querela is still available, the instant motion should still be denied because the writ is inappropriate in this case.

Audita querela is an old common-law writ which permits a defendant to obtain "'relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of judgment.'"  United States v. Johnson, 965 F.2d at 582 (quoting 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2687, at 325 (1975)).  The question here is whether the Supreme Court's decision in Booker is the type of post-judgment event for which the writ can be granted.

The Court's research indicates that it is not.  The courts that have considered the question of whether a post-judgment change in the law is a grounds for audita querela relief have answered in the negative.  See Ayala, 894 F.2d at 429 n. 8; United States v. Kimberlin, 675 F.2d 866, 869 (7th Cir. 1982); Ames v. Sears, Roebuck and Co., 536 A.2d 563, 566 (1988).  This is true even in cases where the post-conviction change in

law could not be raised in a § 2255 action. Ayala, 894 F.2d at 429 n.8. As noted by the District of Columbia Circuit in Ayala:

> To be sure, not all post[-]judgment changes in law may be raised in a § 2255 proceeding. See Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 1075-77, 103 L.Ed.2d 334 (1989) (plurality). But we have little doubt that a defendant challenging his conviction collaterally may not style his motion as a petition for a writ of audita querela to evade the Supreme Court's painstakingly formulated "retroactivity" rules.

Id. This Court agrees. Furthermore, this reasoning extends to all the other types of writs that may be issued under the All Writs Act. Put simply, the Supreme Court's decision in Booker does not afford petitioner relief from his sentence under any theory because Booker does not apply retroactively. See Never Misses a Shot v. United States, 413 F.3d 781 (8th Cir. 2005) (holding that Booker does not apply retroactively to cases on collateral review). Therefore, petitioner's application for a writ of audita querela should be dismissed.

Last, the Court feels compelled to note that petitioner relies heavily upon an unpublished opinion out of the Western District of Washington, Kessack v. United States, 2008 WL 189679 (Jan. 18, 2008), to suggest that the writ of audita querela may fill a gap left by § 2255, when a case does not apply retroactively on collateral review. This Court respectfully disagrees. The retroactivity rules relied upon by this Court are one of § 2255's valid gatekeeping requirements. And this Court will continue to follow the majority of Courts who find that a motion for a writ of audita querela is an

inappropriate method to circumvent the laws of retroactivity and time limitations of 28 U.S.C. § 2255. See, e.g. United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir.2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs."); see also Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009); United States v. Torres, 282 F.3d 1241,1246 (10th Cir. 2002) ("Indeed, to allow a petitioner to avoid the bar against successive § 2255 petitions by simply styling a petition under a different name would severely erode the procedural restraints imposed under 28 U.S.C. §§ 2244(b)(3) and 2255.").

Accordingly,

**IT IS HEREBY ORDERED** petitioner's application for a writ of audita querela [Doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate Judgment will accompany this Memorandum and Order.

Dated this 19th day of March, 2013.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE